ORIGINAL

GEORGE J. ZWEIBEL       #7499
Law Office of George J. Zweibel
45-3590A Mamane Street
Honokaa, Hawaii 96727
Telephone: (808) 775-1087
Facsimile: (808) 775-1089
Email: george.zweibel@hawaiiantel.net


JOHN HARRIS PAER       #1551-0
41 B Kepola Place
Honolulu, Hawaii 96817
Telephone: (808) 595-7179
Facsimile: (808) 595-3918
Email: paerj001@hawaii.rr.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 6 2007

at 10 o'clock and 50 min, A M
SUE BEITIA, CLERK

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAULETTE VOCAL and BENJAMIN VOCAL, | CIVIL NO. CV07 00046 SPK BMK |
| Plaintiffs, | COMPLAINT; EXHIBITS "A" THROUGH "C"; SUMMONS |
| vs. | |
| FIRST NLC FINANCIAL SERVICES, LLC, dba THE LENDING CENTER, JP MORGAN CHASE BANK, N.A., and CHASE HOME FINANCE LLC, | |
| Defendants. | |

COMPLAINT

COME NOW Plaintiffs, by and through their undersigned attorneys, and allege as follows:

INTRODUCTION

1.      This Complaint is filed and these proceedings are instituted under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, to rescind and to recover actual and statutory damages, reasonable attorneys' fees, and costs of suit by reason of Defendants' violations of that Act and the Regulations adopted pursuant thereto published at 12 C.F.R. Part 226, commonly known as Regulation Z.

2.      This Complaint is also filed and these proceedings are instituted under the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 *et seq.*, to recover actual and statutory damages, reasonable attorneys' fees, and costs of suit by reason of Defendant CHASE HOME FINANCE LLC's violations of that Act.

3.      This Complaint is also filed and these proceedings are instituted under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, to recover actual and statutory damages, reasonable attorneys' fees, and costs of suit by reason of Defendant CHASE HOME FINANCE LLC's violations of that Act.

4.      This Complaint also seeks to recover actual and statutory damages, injunctive relief, reasonable attorneys' fees, and costs pursuant to the Hawaii unfair and deceptive trade practices statute, Hawaii Revised Statutes (hereinafter "H.R.S.") Chapter 480.

JURISDICTION

5.      The jurisdiction of this Court is invoked pursuant to 15 U.S.C. §§ 1640(e)

and 1692k(d), 12 U.S.C. § 2614, and 28 U.S.C. §§ 1332 and 1337.  Plaintiffs and

Defendants are citizens of different states such that there is complete diversity and the

amount in controversy is in excess of $75,000.  The supplemental jurisdiction of this

Court is invoked over Count VI of the Complaint, which arises under H.R.S. Chapter

480.

## PARTIES

6.     Plaintiffs PAULETTE VOCAL and BENJAMIN VOCAL (hereinafter

"Plaintiffs") are natural persons and are residents of the State of Hawaii.

7.     Defendant FIRST NLC FINANCIAL SERVICES, LLC, doing business as

THE LENDING CENTER (hereinafter "THE LENDING CENTER") is a limited liability

company doing business in the State of Hawaii as a mortgage lender, and is subject to the

jurisdiction of this Court.  THE LENDING CENTER is a citizen of a state other than the

State of Hawaii.

8.     Defendant JP MORGAN CHASE BANK, N.A. (hereinafter "CHASE

BANK") is a national bank doing business in the State of Hawaii, and is subject to the

jurisdiction of this Court.  CHASE BANK is a citizen of a state other than the State of

Hawaii.

9.     Defendant CHASE HOME FINANCE LLC (hereinafter "CHASE HOME

FINANCE") is a limited liability company doing business in the State of Hawaii, and is

subject to the jurisdiction of this Court.  CHASE HOME FINANCE is a citizen of a state

other than the State of Hawaii.

## FACTS

10.     Within three years prior to the filing of this action, THE LENDING

CENTER, in the ordinary course of business, regularly extended credit to its consumer customers for which a finance charge was imposed, and/or purchased and/or received assignment of existing mortgage loans.

11.     Within the year prior to the filing of this action, CHASE HOME FINANCE has been attempting on behalf of a third party to collect an alleged debt from Plaintiffs.

12.     On or about January 28, 2006, Plaintiffs entered into a non-purchase loan transaction with THE LENDING CENTER (hereinafter "Subject Loan").

13.     The Subject Loan was incurred primarily for personal, family, or household purposes.

14.     The Subject Loan was secured by a mortgage on Plaintiffs' principal residence (hereinafter "Property").

15.     On January 28, 2006, Plaintiffs were presented with a "Notice of Right to Rescind" form stating that the date of the transaction was "1/28/06" and that they had until "2/1/06" to cancel.

16.     On January 28, 2006, Plaintiffs signed the "Notice of Right to Rescind" form described in Paragraph 15 under the statement "I wish to cancel."

17.     On information and belief, THE LENDING CENTER subsequently assigned the Subject Loan and CHASE BANK is the current holder of the related Note and Mortgage.

18.     On information and belief, some time subsequent to execution of the Subject Loan documents, OCWEN LOAN SERVICING, LLC became the servicer for the Subject Loan.

19.     Servicing of the Subject Loan was subsequently transferred to CHASE HOME FINANCE.  On information and belief, the transfer of servicing to CHASE HOME FINANCE took place on or about June 22, 2006.

20.     On August 3, 2006, through their attorney, Plaintiffs sent a letter by certified mail to THE LENDING CENTER rescinding the Subject Loan under the provisions of the Truth in Lending Act (hereinafter "TILA") and that letter was received by THE LENDING CENTER on or about August 8, 2006.  A true and correct copy of that letter is attached hereto as Exhibit "A."

21.     On August 3, 2006, through their attorney, Plaintiffs also sent a letter by certified mail to CHASE HOME FINANCE rescinding the subject loan under the provisions of TILA and that letter was received by CHASE HOME FINANCE on August 7, 2006.  A true and correct copy of that letter is attached hereto as Exhibit "B."

22.     On August 3, 2006, through their attorney, Plaintiffs also sent a letter by certified mail to OCWEN LOAN SERVICING, LLC rescinding the subject loan under the provisions of TILA and that letter was received by OCWEN LOAN SERVICING, LLC on August 7, 2006.

23.     Plaintiffs hereby again rescind each and every transaction they have or had with each Defendant herein.

24.     On August 3, 2006, Plaintiff PAULETTE VOCAL mailed to CHASE HOME FINANCE a letter stating her belief that she may have been forced to pay improper fees or charges and that payments Plaintiffs made may not all have been property credited to her account, and requesting that CHASE HOME FINANCE provide a complete history of her loan account, various documents prepared when the loan was

made, escrow analysis statements, monthly statements, transfer of servicing statements, and other loan-related information, and that letter was received by CHASE HOME FINANCE on August 7, 2006.  A true and correct copy of that letter is attached hereto as Exhibit "C."

25.     By letter dated August 11, 2006, CHASE HOME FINANCE acknowledged receipt of the letter described in Paragraph 24.

26.     With a separate letter also dated August 11, 2006, CHASE HOME FINANCE provided Plaintiffs' attorney with an incomplete loan history.

27.     By letter dated August 15, 2006, CHASE HOME FINANCE informed Plaintiffs it was unable to provide a copy of an annual escrow disclosure statement because it had not completed an escrow analysis on the Subject Loan.

28.     CHASE HOME FINANCE provided no additional information or documents in response to Plaintiff PAULETTE VOCAL's August 3, 2006 letter described in Paragraph 24 (Exhibit "C").

29.     On information and belief, between August 7, 2006 and October 31, 2006 CHASE HOME FINANCE provided information regarding an overdue payment or payments to one or more consumer reporting agency (as that term is defined in 15 U.S.C. § 1681a) in connection with the Subject Loan.

30.     On or about October 17, 2006, CHASE HOME FINANCE's in-house attorney sent Plaintiffs' counsel a letter denying Plaintiffs' "request" for rescission.

31.     By letter dated December 11, 2006, the law firm of Clay Chapman Crumpton Iwamura & Pulice notified Plaintiffs that it represents CHASE BANK to collect an alleged delinquent amount and to foreclose on Plaintiffs' Property if they fail to

"cure."

32.   None of the Defendants has returned to Plaintiffs any money paid in connection with the Subject Loan or taken any action to terminate the security interest.

33.   Since August 7, 2006, Defendants have assessed and attempted to collect interest, late charges, and other fees and charges in connection with the Subject Loan.

34.   If Plaintiffs lose their Property, they will suffer irreparable harm.

<u>COUNT I</u>

35.   Plaintiffs reallege and incorporate Paragraphs 1 through 34 of this Complaint.

36.   At all times relevant hereto, THE LENDING CENTER was a "creditor" required to comply with TILA and its implementing Regulation Z.

37.   On or about January 28, 2006, Plaintiffs and THE LENDING CENTER entered into a consumer credit transaction within the meaning of TILA, pursuant to 15 U.S.C. § 1602 and 12 C.F.R. § 226.2.

38.   As part of the Subject Loan transaction, THE LENDING CENTER retained or acquired a security interest in Plaintiffs' principal dwelling.

39.   Plaintiffs had the right to rescind the Subject Loan transaction until midnight of the third business day following consummation, delivery of the required rescission notice, or delivery of all "material disclosures," whichever occurred last, pursuant to 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23(a)(3).

40.   In the course of the Subject Loan transaction, THE LENDING CENTER failed to deliver to Plaintiffs all "material" disclosures required by TILA, including but not limited to the annual percentage rate, finance charge, amount financed, total of

payments, and payment schedule, in violation of 15 U.S.C. § 1638(a) and 12 C.F.R. § 226.18.

41.     In the course of the Subject Loan transaction, THE LENDING CENTER failed to deliver to each Plaintiff two copies of a notice of the right to rescind as required by 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23(b).

42.     Pursuant to 15 U.S.C. §§ 1635(g), 1640 and 1641, by reason of the TILA violations described in Paragraph 40 and/or Paragraph 41, Defendants are liable to Plaintiffs for any actual damage sustained by Plaintiffs; twice the amount of any finance charge in connection with the transaction, but not less than $200 or greater than $2,000; and costs of the action and a reasonable attorney's fee.

<u>COUNT II</u>

43.     Plaintiffs reallege and incorporate Paragraphs 1 through 42 of this Complaint.

44.     Pursuant to 15 U.S.C. § 1635(f) and 12 C.F.R. § 226.23(a), the violations alleged in Paragraph 40 and/or Paragraph 41 extended for up to three years after consummation Plaintiffs' right under TILA to rescind the Subject Loan transaction.

45.     Plaintiffs have exercised their right to rescind the Subject Loan transaction pursuant to TILA.

46.     Pursuant to 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(1) and (2), when a consumer rescinds a transaction under TILA, the security interest giving rise to the right of rescission becomes void and the consumer is not liable for any amount, including any finance charge, and within 20 days the creditor is required to return any money or property that has been given to anyone in connection with the transaction and

must take any action necessary to reflect the termination of the security interest.
Therefore, any security interest THE LENDING CENTER and/or any assignee may have
held in Plaintiffs' Property is void.

47.    For the above-stated reasons, Plaintiffs are entitled to enforcement of their
rescission of the Subject Loan transaction.

## COUNT III

48.    Plaintiffs reallege and incorporate Paragraphs 1 through 47 of this
Complaint.

49.    Defendants' above-stated failure to allow rescission and to return to
Plaintiffs the money paid in connection with the Subject Loan transaction and to take
action necessary to reflect the termination of the security interest violated 15 U.S.C. §
1635(b) and 12 C.F.R. § 226.23(d)(2).

50.    Because Defendants failed to take the actions required by TILA following
Plaintiffs' rescission, they are liable to Plaintiffs for any actual damage sustained,
statutory damages of $2,000, the costs of the action, and a reasonable attorney's fee,
pursuant to 15 U.S.C. §§ 1635(g), 1640 and 1641.

## COUNT IV

51.    Plaintiffs reallege and incorporate Paragraphs 1 through 34 of this
Complaint.

52.    In connection with the Subject Loan, CHASE HOME FINANCE is or was
a loan "servicer," as that term is defined in 12 U.S.C. § 2605(i)(2).

53.    Pursuant to 12 U.S.C. § 2605(e)(1)(B), the August 3, 2006 letter that
Plaintiff PAULETTE VOCAL mailed to CHASE HOME FINANCE, described in

Paragraph 24, constitutes a "qualified written request" (hereinafter "QWR").

54.     CHASE HOME FINANCE failed to take required action with respect to

Plaintiff PAULETTE VOCAL's August 3, 2006 QWR within 60 days, in violation of 12

U.S.C. § 2605(e)(2).

55.     Pursuant to 12 U.S.C. § 2605(f), a servicer that violates Section 2605 is

liable to the borrower for each violation in an amount equal to the sum of any actual

damages to the borrower as a result of the failure, any additional damages the Court may

allow in the case of a pattern or practice of noncompliance in an amount not to exceed

$1,000, and the costs of the action together with reasonable attorneys' fees.

COUNT V

56.     Plaintiffs reallege and incorporate Paragraphs 1 through 50 of this

Complaint.

57.     On information and belief, CHASE HOME FINANCE has violated the

Fair Debt Collection Practices Act (hereinafter "FDCPA") in the following ways:

(a)     CHASE HOME FINANCE has engaged in improper communications

with Plaintiffs in connection with the alleged debt, in violation of 15 U.S.C. § 1992c(a).

(b)     CHASE HOME FINANCE has used false or misleading representations in

connection with the collection of the alleged debt, in violation of 15 U.S.C. §1692e.

(c)     CHASE HOME FINANCE has used unfair means to collect and to

attempt to collect the alleged debt, in violation of 15 U.S.C. §1692f.

(d)     CHASE HOME FINANCE has not sent to Plaintiffs the proper notices

and/or verifications required by FDCPA, in violation of 15 U.S.C. §1692g.

58.     Pursuant to 15 U.S.C. § 1692k(a), a debt collector who fails to comply

with any provision of FDCPA is liable to the borrower in an amount equal to any actual

damage sustained as a result of such failure, such additional damages as the Court may

allow up to $1,000, and the costs of the action and a reasonable attorney's fee.

COUNT VI

59.     Plaintiffs reallege and incorporate Paragraphs 1 through 58 of this

Complaint.

60.     Each Plaintiff is a "consumer" and a "person," as those terms are defined

in H.R.S. § 480-1, and the above-described acts and practices involved "trade or

commerce," as that term is used in H.R.S. § 480-2(a).

61.     At all times relevant hereto, Plaintiff BENJAMIN VOCAL is and was an

"elder," as that term is defined in H.R.S. § 480-13.5(c).

62.     An unfair or deceptive act or practice (hereinafter "UDAP") in the conduct

of any trade or commerce is unlawful, pursuant to H.R.S. § 480-2(a).

63.     Defendants have engaged in UDAPs that violate H.R.S. § 480-2(a) as

alleged above.

64.     Defendants' violations of TILA, RESPA and/or FDCPA constitute

UDAPs in violation of H.R.S. § 480-2(a).

65.     The conduct described in Paragraph 63 and/or Paragraph 64 caused

Plaintiffs to suffer injury to their property in an amount to be proved at trial.

66.     Defendants' misrepresentations, imposed charges and fees, and

disclosures in connection with the above-described extension of credit were immoral,

unethical, oppressive, unscrupulous, and substantially injurious to Plaintiffs, and were

unfair and/or deceptive in violation of H.R.S. § 480-2(a).

67.     Pursuant to H.R.S. § 480-13(b)(1), any consumer who is injured by any UDAP forbidden or declared unlawful by H.R.S. § 480-2 may sue for damages sustained by the consumer and, if the judgment is for the plaintiff, the plaintiff shall be awarded a sum not less than $1,000 or threefold damages by the plaintiff sustained, whichever sum is the greater, and reasonable attorneys' fees together with the costs of suit.  Where the plaintiff is an elder, the plaintiff may be awarded a sum not less than $5,000 or threefold any damages sustained by the plaintiff, whichever is greater, plus attorney's fees and costs.

68.     Pursuant to H.R.S. § 480-13(b)(2), any consumer who is injured by any UDAP forbidden or declared unlawful by H.R.S. § 480-2 may bring proceedings to enjoin the unlawful practices, and if the decree is for the plaintiff, the plaintiff shall be awarded reasonable attorneys' fees together with the cost of suit.

WHEREFORE, Plaintiffs pray that the Court:

AS TO COUNT I:

1.     Award Plaintiffs their actual damages as will be proved at trial.

2.     Award Plaintiffs statutory damages of $2,000.

AS TO COUNT II:

3.     Award rescission of the Subject Loan transaction and rescission of any security interest concerning Plaintiffs' Property created in the transaction, and direct that Plaintiffs have no further obligation of payment to any Defendant.

4.     Declare the security interest in Plaintiffs' Property arising in the Subject Loan transaction void, and enjoin all Defendants from taking any action toward collection of the Subject Loan, foreclosure, and/or sale or conveyance of Plaintiff's

Property.

     5.      Order the return to Plaintiffs of any money or property given by Plaintiffs to anyone, including but not limited to Defendants, in connection with the Subject Loan transaction.

     6.      Order Defendants to take all actions necessary to reflect the termination of any security interest in Plaintiffs' Property created in the Subject Loan transaction, including but not limited to causing a Satisfaction of Mortgage to be filed and recorded with the Bureau of Conveyances, State of Hawaii, regarding the Mortgage executed in connection with the Subject Loan transaction.

AS TO COUNT III:

     7.      Award Plaintiffs their actual damages as will be proved at trial.

     8.      Award Plaintiffs statutory damages of $2,000.

AS TO COUNT IV:

     9.      Award Plaintiffs their actual damages as will be proved at trial.

     10.      Award Plaintiffs statutory damages of $1,000.

AS TO COUNT V:

     11.      Award Plaintiffs their actual damages as will be proved at trial.

     12.      Award Plaintiffs statutory damages of $1,000.

AS TO COUNT VI:

     13.      For each UDAP engaged in by a Defendant, award Plaintiffs damages of not less than $5,000 or three times the damages Plaintiffs sustained, whichever is greater.

     14.      Enjoin Defendants from engaging in unlawful practices that violate H.R.S. § 480-2.

<u>AS TO ALL COUNTS</u>:

15.    Award Plaintiffs their reasonable attorneys' fees and costs of suit.

16.    Enjoin Defendants from taking any action to deprive Plaintiffs of their above-described Property.

17.    Order Defendants to delete any adverse information regarding either Plaintiff that they have reported to any consumer reporting agency, and enjoin Defendants from making in the future any adverse consumer report regarding either Plaintiff.

18.    Award Plaintiffs such other and further relief as the Court deems appropriate.

DATED:  Honolulu, Hawaii, _January 26, 2007_ .

GEORGE J. ZWEIBEL
JOHN HARRIS PAER
Attorneys for Plaintiffs

14